Jennie CIAMBRONE, an Executrix of
the Estate of Armand Ciambrone,

v.

A, C AND S, Inc.

No. 94–5–M.P.

Supreme Court of Rhode Island.

Nov. 22, 1994.

Michael J. Farley, East Providence, for
plaintiff.

Berndt W. Anderson, Roberts, Carroll,
Feldstein & Peirce, Providence, Ralph Della-
Rosa, Rumford, for defendant.

Before WEISBERGER, A.C.J., and
MURRAY, SHEA and LDERBERG, JJ.

OPINION

PER CURIAM.

This case came before the Supreme Court
for oral argument on October 31, 1994, pursuant to an order that granted the petition
for certiorari of the plaintiff, Jennie Ciambrone, executrix of the estate of her husband,
Armand Ciambrone, and that directed the
plaintiff and the defendant, A, C and S, Inc.,
to show cause why the issues raised in the
petition should not be summarily decided.
The plaintiff seeks review of the denial by
the Workers' Compensation Court Appellate
Division of the decedent's petition for commutation.

After reviewing the memoranda submitted
by the parties and after hearing the arguments of counsel, this court concludes that
cause has not been shown and that the issues
raised shall be decided at this time.

Employee Armand Ciambrone sustained a
work-related injury in May 1986 and was
paid workers' compensation benefits for total
disability until the time of his death in November 1990 from an illness unrelated to his
work injury. Prior to his death, Armand
Ciambrone and defendant's insurer had negotiated a commutation agreement. The issue before us is whether the employee's
rights to the benefits under the commutation
agreement continued after the employee's
death that occurred after the agreement was
signed but prior to the hearing on the petition for commutation in the Workers' Compensation Court.

Although this issue has not heretofore
been addressed by this court, the resolution
of the question is clearly directed by G.L.
1956 (1986 Reenactment) § 28–33–24, which
states in pertinent part, "All payments of
compensation under chapters 29—38, inclusive, of this title shall cease upon the death of
the employee from a cause other than or not
induced by the injury for which he is receiving compensation."

Both parties in this case agree that decedent's death was not caused by his work-related injury. The statute clearly requires
that payments shall cease upon the death of
an employee whose death was not the result
of the injury for which he was compensated.

We concur with the determination of the
Appellate Division that the benefits delineated in the commutation agreement did not
survive the employee's death and therefore,

the plaintiff executrix is not entitled to benefits.

Consequently, we deny the petition for certiorari. The writ previously issued is quashed, and the judgment of the Appellate Division is affirmed. The papers in this case are remanded to the Workers' Compensation Court with our decision endorsed thereon.